**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
(Northern Division)

2010 JUN -4 P 1:49

| | | |
|---|---|---|
| MARGARET LINTON<br>22145 Shirley Circle<br>Parksley, Virginia 23421 | * | IN THE |
| | * | DISTRICT COURT |
| and | * | FOR THE |
| LARRY CHRISTOPHER LINTON<br>22145 Shirley Circle<br>Parksley, Virginia 23421 | * | DISTRICT OF |
| | * | MARYLAND    CCB 10 CV 1457 |
| Plaintiffs | * | CASE No. _____ |
| v. | * | |
| | * | |
| JASON ANDREW EVANS, M.D.<br>223 Philip Morris Drive<br>Salisbury, Maryland 21804 | * | |
| | * | |
| and | * | |
| MELODY PAIRO, CRNP<br>1346 Division Street<br>Salisbury, Maryland 21801 | * | |
| | * | |
| and | * | |
| EASTERN SHORE OB/GYN, P.A.<br>223 Philip Morris Drive<br>Salisbury, Maryland 21804 | * | |
| | * | |
| and | * | |
| | * | |
| | * | |
| | * | |
| | * | |

| | |
|---|---|
| DELMARVA INTERNAL & <br> FAMILY MEDICINE, P.A. <br> 1346 Division Street <br> Salisbury, MD 21801 <br>     Serve on Resident Agent: <br>     JOHN C. NASON <br>     113 Baptist Street <br>     Salisbury, MD 21801 <br> <br>     Defendants | * <br> <br> * <br> <br> * <br> <br> * <br> <br> * <br> <br> * |

\* * * * * * * * * * * * *

## COMPLAINT

COME NOW the Plaintiffs Margaret Linton and Larry Christopher Linton, by and through their attorneys, Diane M. Littlepage and Littlepage & Associates and sue Defendants Jason Andrew Evens, M.D., Melody Pairo, CRNP, Eastern Shore OB/GYN, P.A., and Delmarva Internal and Family Medicine, P.A. and state:

## JURISDICTION

1. The Plaintiffs are residents of the Commonwealth of Virginia.

2. The Defendants are all residents of the State of Maryland.

3. Jurisdiction is proper in this court because of diversity.

## COUNT I

4. At all times, of which the Plaintiffs complain, the Defendants Jason Andrew Evans, M.D. and Melody Pairo, CRNP represented to the Plaintiffs, and the public, that they possessed the degree of skill, knowledge and ability possessed by reasonable, competent medical practitioners, practicing under the same and similar circumstances as those involving the Plaintiff Margaret Linton.

5. The Plaintiffs allege that the Defendants Jason Andrew Evans, M.D. and Melody Pairo, CRNP, herein, including their duly authorized agents and/or employees, owed to the Plaintiffs the duty to exercise the degree of care, skill and judgment expected of competent medical practitioners acting in the same or similar circumstances, which duty included the performance of adequate and proper diagnostic tests and procedures to determine the nature and severity of the Plaintiff's condition, careful diagnosis of such condition, employment of appropriate procedures, surgery and/or treatment to correct such injuries without injuries upon her, continual evaluation of her conditions and the effects of such treatment, and adjustment of the course of treatment in response to such ongoing surveillance and evaluation—all of which the Defendants failed to do.

6. The Defendants Jason Andrew Evans, M.D. and Melody Pairo, CRNP were negligent in that they failed to employ appropriate treatment, surgery, tests and/or procedures, failed to carefully and thoroughly evaluate the Plaintiff's condition, failed to properly and appropriately diagnose the condition, failed to thoroughly evaluate the effects and results of any tests and/or procedures performed, failed to properly evaluate the effects of the chosen treatment, failed to adjust the Plaintiff's treatment in response to treatment, failed to appropriately evaluate the effects of treatment, failed to properly monitor the course of the Plaintiff's condition and treatment, failed to employ adequate and appropriate diagnostic procedures and/or tests to determine the nature and extent of the Plaintiff's condition, and were otherwise negligent.

7. The Plaintiffs allege that the Defendants Eastern Shore OB/GYN, P.A. and Delmarva Internal and Family Medicine, P.A. through their agents, servants or employees, owed to the Plaintiffs a duty to exercise the degree of care, skill and judgment expected of

competent medical corporations acting in the same or similar circumstances, which duties included the performance of adequate and proper diagnostic tests and procedures to determine the nature and severity of the Plaintiff's condition, careful diagnosis of such condition, employment of appropriate procedures, tests, surgery and/or treatment to correct such condition, without inflicting injury upon the Plaintiff, continual evaluation of the Plaintiff's condition and effects of such treatment, and to adjust the course of treatment in response to ongoing surveillance and evaluation—all of which the Defendants failed to do.

8. The Defendants Eastern Shore OB/GYN, P.A. and Delmarva Internal and Family Medicine, P.A. were negligent in that their agents and/or employees failed to employ appropriate treatment, surgery and/or procedures, failed to carefully and thoroughly evaluate the Plaintiff's condition, failed to thoroughly evaluate the effects and results of any tests, treatment and/or procedures performed, failed to adjust the Plaintiff's treatment in response to the effects of the treatment, failed to properly monitor the course of the Plaintiff's treatment and condition, failed to employ adequate and proper diagnostic procedures and/or tests to determine the nature and extent of the Plaintiff's condition, failed to diagnose the condition and were otherwise negligent.

9. As a result of the negligence of these Defendants, including the duly authorized agents, and/or employees of Eastern Shore OB/GYN, P.A. and Delmarva Internal and Family Medicine, P.A., the Plaintiff, Margaret Linton, experienced severe trauma, injury and shock to her body, nerves and nervous system, pain, mental anguish, unnecessary hospital, medical care expenses and procedures; she will probably suffer an untimely death as a result of the negligence.

10. On or about August 2, 2005, the Plaintiff Margaret Linton, reported noting a lump under her right arm for two (2) days. This complaint was to Melody Pario, CRNP, an agent and/or employee of the Defendant Delmarva Internal Family Medicine, P.A. and Eastern Shore OB/GYN, P.A. At that time, the Defendant Melody Pario, CRNP advised the Plaintiff that this was most likely a sweat gland. The mammogram was ordered and reported as negative.

11. From August, 2005, until March of 2007, the Plaintiff consistently complained of a lump under her right arm. At the time of the well woman, and other visits, the Plaintiff continued to make continuous and consistent complaints to Defendants Melody Pario, CRNP, as well as Defendant Jason Andrew Evans, M.D.

12. Finally, on March 1, 2007, the Defendant Melody Pario, CRNP, palpated an eight (8) centimeter mass under the Plaintiff's right axilla. At that time, an evaluation of the palpated mass was performed.

13. On or about May 8, 2007, the Plaintiff underwent surgery for staging of the axillary mass. At that time, it was discovered that she had eighteen (18) of twenty (20) positive nodes from breast cancer and, more likely than not, was incurable. Several days later, the Plaintiff was advised of these findings by her surgeon.

14. It is alleged that these Defendants, and each of them, were negligent in failing to perform a complete, adequate and appropriate physical examination on each and every occasion of the Plaintiff's complaints to these Defendants regarding the axillary mass.

15. It is further alleged that these Defendants, and each of them, were negligent in failing to refer the Plaintiff to obtain additional testing to evaluate the Plaintiff's complaints,

refer the Plaintiff to experts in breast cancer, or breast cancer surgery for further evaluation of the mass.

16. In accordance with the standard of care, such additional testing is required for a palpable mass since mammograms are limited in their assessment of the axillary region. Additionally, a referral is required in accordance with the standard of care, for a more definitive evaluation of the palpable mass, even if mammogram is negative.

17. It is asserted that as a result of the negligence of these Defendants, and each of them, the Plaintiff incurred medical expenses, suffered discomfort, emotional anguish, anxiety, depression, fear, pain and suffering over her condition, requires ongoing medical care and treatment for her needs and other expenses for which claim is made and, ultimately, will suffer an untimely death because of the delay in the diagnosis of her breast cancer.

18. The Plaintiffs refer to the negligence of these Defendants as a proximate cause of all injuries and damages sustained with the Plaintiff being in no way contributorily negligent.

19. The negligence complained of occurred in Salisbury, Maryland. The Plaintiffs are residents of Virginia. Venue is claimed in the District Court for the District of Maryland. The amount in controversy exceeds the jurisdictional amount.

_Diane M. Littlepage_
**LITTLEPAGE & ASSOCIATES**
877 Baltimore Annapolis Blvd., Ste. 103
Severna Park, Maryland 21146
410-975-9191

*Attorney for Plaintiffs*

## COUNT II
### (Loss of Consortium)

COME NOW the Plaintiffs Margaret Linton and Larry Christopher Linton, by and through their attorneys, Diane M. Littlepage and Littlepage & Associates and sue Defendants Jason Andrew Evens, M.D., Melody Pairo, CRNP, Eastern Shore OB/GYN, P.A., and Delmarva Internal and Family Medicine, P.A. and state:

20. The Plaintiffs incorporate in this Count those facts set forth in Count I, hereinabove by referencing and intending that each and every allegation be deemed part hereof, as if the same were repeated herein.

21. At all times relevant hereto, the Plaintiffs, Margaret Linton and Larry Christopher Linton were married and living together as husband and wife.

22. It is alleged, that as a direct result of the negligence described in Count I, these Plaintiffs have been deprived of the companionship, society, care, support and consortium of the marital relationship.

23. The negligence complained of occurred in Salisbury, Maryland. The Plaintiffs are residents of Virginia. Venue is claimed in the District Court for the District of Maryland. The amount in controversy exceeds the jurisdictional amount.

_Diane M. Littlepage_
**LITTLEPAGE & ASSOCIATES**
877 Baltimore Annapolis Blvd., Ste. 103
Severna Park, Maryland 21146
410-975-9191

*Attorney for Plaintiffs*